**Tabetha A. Martinez, Esq. (NV 14237)**
**Justin Pasquale, Esq. (NV 15079)**
**BURGER, MEYER & D'ANGELO, LLP**
400 South 4th St., Suite 500
Las Vegas, NV 89101
Telephone: (949) 427-1888
Facsimile:  (949) 427-1889
Email: tmartinez@burgermeyer.com
          jpasquale@burgermeyer.com

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JODI MORALES, individually,<br><br>              Plaintiff,<br><br>vs.<br><br>WALMART, INC. dba WALMART; a foreign corporation; DOES EMPLOYEES 1-10; and ROE BUSINESS ENTITIES 1-10, inclusive.<br><br>              Defendant. | Case No.: 2:24-cv-01492-DJA<br><br>**STIPULATED**<br>**PROTECTIVE ORDER** |

The parties have stipulated to the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c), LR IA 6-2, and the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Discovery in this action related to the claims and defenses asserted includes documents and/or information that Defendant Walmart Inc. asserts are confidential and/or proprietary. The parties desire to set forth processes to protect the confidentiality of information and documents that a party deems confidential and/or proprietary. Therefore, with good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. <u>Designation of Confidential Documents and Information.</u> The Responding Party shall mark as "confidential" or "produced pursuant to protective order" or in some similar fashion any document for which it claims protection under this order. The documents, things and information contained in

them or gleaned from them shall only be used, shown and disclosed only as provided in this order. The term "confidential documents and information" as used in this order shall be construed to include the documents and materials so marked, and their content, substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts and/or paraphrases of the documents, things or information. The designation shall be made in good faith and shall not be made with respect to any document which is in the public domain, such as patents, or any other document which has previously been produced or disseminated without confidentiality protection.

    2. <u>Access to Confidential Documents and Information by Qualified Persons.</u> This protective order is limited to the context of pretrial civil discovery. This protective order does not restrict dissemination of information if gained from other public sources outside of pretrial civil discovery. Accordingly, access to confidential documents and other materials, any parts thereof, any summaries or extracts thereof, as well as matters contained therein which are produced or obtained exclusively through pre-trial discovery shall be limited to the following "qualified persons." The following persons are automatically deemed a "qualified person:"

    a. This Court and its employees;

    b. The jurors;

    c. Counsel of record for the parties to this lawsuit;

    d. Those paralegals, stenographic and clerical employees who are employed by and assisting counsel of record;

    e. The parties of record and their officers, directors, employees, counsel of record and insurers to the extent necessary to assist in preparing for discovery, depositions, resolution, or for trial, or who are otherwise assisting in this litigation;

    f. Deposition witnesses;

    g. Witnesses called at trial;

    h. Any mediator who is assigned/chosen to hear this matter, and his/her staff, subject to their agreement to maintain confidentiality to the same degree as required by this stipulation; and

i. Any expert or consultant (including persons directly employed by such experts or consultants) who has been retained or specially employed by a party in anticipation of this litigation or for trial of this case, to the extent necessary to assist in the litigation, and who has signed a written certification in the form set forth in **Attachment A**; provided, however, that no confidential documents and information shall be disseminated to any expert or consultant:

i. Who is an employee of a direct business competitor of the party producing the information; or

ii. Who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

h. Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

i. Persons shown on the face of a document to have authored or received it;

j. Any person whom the parties agree, in advance and in writing, may receive such protected information, provided that the person has signed a written certification in the form set forth in **Attachment A**.

k. To any other persons as required by law or Court order.

Counsel of record shall maintain such certifications for all designated experts and shall provide copies of the certifications upon demand to counsel for any opposing party. Demand to one counsel of record for a party is deemed to be a demand to all counsel of record for a party.

3. <u>Challenges to Claims of Confidentiality.</u> If a party contends that any documents, information or portions of them which another party or third party has designated as confidential are not entitled to protection, the parties in good faith will confer and attempt to reach an agreement. If the parties cannot reach an agreement, the party seeking to reclassify may seek appropriate relief from the court, with the party seeking to maintain the confidential designation bearing the burden to establish the claim of confidentiality. The documents and information shall remain confidential until their status is changed by stipulation or order of the Court. If the Court determines the confidential

designation was unreasonable or unjustified, the Court may award the moving party's attorney fees and costs.

4. <u>Use of Confidential Documents and Information Generally.</u> Confidential documents, things and information may be used solely in connection with this lawsuit and for no other purpose. No qualified person who gains access to the confidential documents, things and information may disclose them or their contents to any other person without the written stipulation of the producing party or by order of this Court.

5. <u>Use of Confidential Documents and Information in this Lawsuit.</u> Confidential documents, things and information may be used at trial, arbitration or at depositions, in accordance with the following safeguards. If confidential documents, things and information are used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such confidential documents, things or information shall themselves be considered as confidential documents. The party introducing during a deposition such confidential documents, thing and information shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential." In addition, each deponent is ordered that he may not divulge any confidential documents, things or information except to qualified persons. Confidential documents, things or information may be offered at the trial and/or arbitration of this matter for consideration by the trier of fact.

6. <u>Filing and Sealing.</u>

A. To the extent that a pleading or other paper references a document designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information.

B. Before any document designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit may be filed with the Court not under seal.

C. Where agreement is not possible or adequate, a document designated for protection under this Order shall only be filed electronically under seal in accordance with the electronic case filing

procedures of this Court, including, without limitation, LR IA 10-5, and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny. Any motion brought pursuant to this provision must be accompanied by a competent certification that the parties were unable to reach an agreement about an unsealed filing.

D. Where filing electronically under seal is not possible or adequate, before a document designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL which envelope shall also display the case name, docket number, a designation of what the exhibit is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any document filed under seal may also be delivered to the judicial officer's chambers. All documents filed under seal shall be served upon the non-disclosing party in paper form, notwithstanding whether said documents are electronically filed, in accordance with LR IC 4-1(c).

E. To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper: a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as set forth above. A copy of the unredacted pleading or other paper also may be delivered to the judicial officer's chambers.

7. <u>Disposal at the Conclusion of this Action.</u> At the conclusion of this action, including any appeal, or upon the settlement and/or dismissal of the litigation, all confidential documents, things and information, and all copies thereof, shall be disposed of by the receiving party. Counsel for the parties may preserve work product and privileged documents in their permanent files even though such documents may reflect or contain confidential documents or information.

8. <u>Amendments.</u> Nothing in this order will prevent either party from seeking amendments broadening or restricting the rights of access to and the use of confidential documents or information or contesting the designation of a confidential document or qualified person.

9. <u>Execution.</u> Facsimile copies of signature pages may be used as originals and this Stipulated Protective Order may be executed in counterparts with the same full force and effect. This Stipulation and Protective Order consists of 8 pages inclusive of a single one-page exhibit and is executed on the dates set forth below.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/21/2024

DATED: October 18, 2024

_____
Tabetha A. Martinez, Esq.
Nevada Bar No. 14237
Justin Pasquale, Esq.
Nevada Bar No. 15079
BURGER, MEYER & D'ANGELO

Attorneys for Defendants

DATED: October 18, 2024

  /s Cory Rex
Cory Rex, Esq.
Nevada Bar No. 10577
REX LAW

Attorney for Plaintiff

# ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Jodi Morales v. Walmart, Inc., dba Walmart et al.*, United States District Court for the District of Nevada, Case No.: 2:24-cv-01492-DJA and hereby agree to comply with and be bound by the terms and conditions of that Stipulated Protective Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this order.

Dated:_____      Signed:_____

# Alexandria Raleigh

| | |
|---|---|
| **From:** | cory rex <cory@coryrex.com> |
| **Sent:** | Friday, October 18, 2024 8:51 AM |
| **To:** | Alexandria Raleigh; Tabetha Martinez |
| **Cc:** | Justin Pasquale |
| **Subject:** | Re: Jodi Morales v Walmart re inspection |

u can use my esig

**From:** Alexandria Raleigh <araleigh@burgermeyer.com>
**Sent:** Friday, October 18, 2024 8:44 AM
**To:** cory rex <cory@coryrex.com>; Tabetha Martinez <tmartinez@burgermeyer.com>
**Cc:** Justin Pasquale <jpasquale@burgermeyer.com>
**Subject:** RE: Jodi Morales v Walmart re inspection

Good Morning,

Please see the attached doc with your changes and verify whether we can affix your e-signature.

**Thank you.**

**Alexandria C. Raleigh**
**Legal Assistant/Paralegal**
araleigh@burgermeyer.com
**BURGER, MEYER, D'ANGELO LLP**
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (725) 242-8525
Facsimile: (949) 427-1889

**NOTICE:** This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to Burger, Meyer & D'Angelo, LLP which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Justin Pasquale <jpasquale@burgermeyer.com>
**Sent:** Wednesday, October 16, 2024 11:56 AM
**To:** cory rex <cory@coryrex.com>; Tabetha Martinez <tmartinez@burgermeyer.com>; Alexandria Raleigh <araleigh@burgermeyer.com>
**Subject:** RE: Jodi Morales v Walmart re inspection

Cory,

I'm fine with your revisions to the proposed PO. See the attached doc with your changes and verify whether we can affix your e-signature.